IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIELLE PERMILLIA HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-3124-CV-S-RED |
| | ) | |
| TRAVIS LYNN HODGE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Notice of Removal (Doc. 1) and Affidavit in Support of Request to Proceed *In Forma Pauperis -- Prisoner Cases* (Doc. 2). Upon review of the two documents before the Court, it is clear that Defendant Travis Lynn Hodge is attempting to remove a divorce action proceeding against him in the Circuit Court of Greene County, Missouri, in Family Court Division II.[1] However, the Court must review and determine whether Plaintiff's removal is proper for two reasons: 28 U.S.C. § 1915(e)(2) requires a court to dismiss any frivolous or malicious action and secondly, a federal court must consider *sua sponte* whether it has subject matter jurisdiction over a case where it believes that jurisdiction may be insufficient. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

After consideration, it is clear that the above-captioned matter must be remanded for two reasons. First, in order for removal to be timely, Defendant had 30 days from the date he was served in order to seek removal. 28 U.S.C. § 1446(b)(1). The docket sheet from the state-court action, which Defendant attached to his Notice of Removal, shows that he filed his Answer to the state-court Petition on November 8, 2011. Thus, Defendant had until December 8, 2011, to timely

---

[1] The state-court action is Case No. 1131-CV1566

remove the state-court action. Defendant did not place his Notice of Removal in the mail until February 24, 2012, well outside of the 30 days time-limit. Even if the Court were to give Defendant the benefit of the doubt when he represents that a Notification of Complaint he filed, in a case pending before the Honorable Otrie D. Smith, on January 12, 2012 should have been construed as his attempt to remove the state-court action, January 12, 2012 is still well outside the 30 day time-limit under § 1446(b)(1). Thus, remand is appropriate for this reason.

Secondly, this Court does not have subject-matter jurisdiction over this case. Plaintiff represents that there is subject-matter jurisdiction over this case because there is a federal question present and also due to diversity jurisdiction. However, it is clear that a federal question does not exist because "divorce actions do not engender a federal question ... and, removal cannot be maintained where the defendant sets up a federal law as a defense to a nonfederal claim." *Milligan v. Milligan*, 484 F.2d 446, 447 (8th Cir. 1973). Moreover, although Defendant claims diversity jurisdiction exists because Plaintiff is a citizen of Missouri and he is a citizen Minnesota, where he is currently incarcerated, it is clear that he is not a citizen of Minnesota merely because he is imprisoned within that state. Rather, there is a "presumption that a prisoner retains his pre-incarceration domicile." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). This presumption may only be overcome by showing that "exceptional circumstances" exist justifying that the prisoner "has acquired a new domicile at the place of his incarceration," and this standard cannot be met merely with "unsubstantiated declarations" to rebut the presumption. *Id.* In this case, Defendant has only stated that he currently resides in Sandstone, Minnesota, where he is incarcerated. This clearly does not overcome the presumption that Defendant has not acquired a new domicile. In fact, the evidence shows that Defendant's pre-incarceration domicile was likely Missouri, because the

2

state-court judge awarded the marital property home located in Springfield, Missouri, to Plaintiff, while also ordering Plaintiff to assume all remaining debt owed. This demonstrates that Defendant was likely domiciled in Missouri before he was incarcerated and sent to Minnesota. In any event Defendant, as the removing party, "has the burden to establish federal subject matter jurisdiction ... [and] all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 911 (8th Cir. 2009). It is clear that Defendant, at the very least, has not met his burden and removal is not appropriate.

For the above reasons, the Court **ORDERS** the above-captioned matter be remanded back to the Circuit Court of Greene County, Missouri, in Family Court Division II.

**IT IS SO ORDERED.**

DATED: March 6, 2012      */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT